IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE WALLER, | ) | HON. AMY J. ST. EVE |
| on behalf of her minor son D.B., and | ) | |
| ABENA ANDOH, | ) | |
| on behalf of her minor son D.H., | ) | |
| ADREN WILBOURN, | ) | |
| on behalf of her minor son J.G. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   14-cv-00223 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| J.E. MORLOCK (Star #15358), | ) | |
| KENNETH FLAHERTY (Star #13584), | ) | |
| MARCO PROANO (Star #9477) and | ) | |
| UNKNOWN CHICAGO POLICE, | ) | |
| OFFICERS, | ) | |
| Defendants. | ) | Jury Trial Demanded |

## Plaintiffs' Second Amended Complaint

NOW COME Plaintiffs, CATHERINE WALLER, on behalf of her minor son,

D.B., and ABENA ANDOH, on behalf of her minor son, D.H., and ADREN

WILBOURN, on behalf of her minor son, J.G., (referred to collectively as

"Plaintiffs"), by their attorneys, Michael D. Cheronis and Timothy J. Fiscella, and

complaining of Defendants, CITY OF CHICAGO, CITY OF CHICAGO POLICE

OFFICERS J.E. MORLOCK (Star #15358), KENNETH FLAHERTY (Star

#13584), MARCO PROANO (Star #9477), and UNKNOWN CHICAGO POLICE

OFFICERS (referred to collectively as "Defendant Officers"), and states as follows:

## Introduction

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
    under color of law of Plaintiffs' rights as secured by the United States
    Constitution.

## Jurisdiction and Venue

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and
    1343(a), the Constitution of the United States, and this Court's supplemental
    jurisdiction powers.

3.  Venue is proper under 28 U.S.C. § 1391(b).   On information and belief, all
    parties reside in this judicial district, and the events giving rise to the claims
    asserted herein occurred within district.

## Parties

4.  Catherine Waller is the mother and guardian of her minor child, D.B.  D.B.
    and Waller are residents of Chicago, Illinois, within the Northern District of
    Illinois, Eastern Division.

5.  Abena Andoh is the mother and guardian of her minor child, D.H.  Andoh
    and D.H. are residents of Chicago, Illinois, within the Northern District of
    Illinois, Eastern Division.

6. Adren Wilbourn is the mother and guardian of her minor child, J.G. Wilbourn and J.G. are residence of Chicago, Illinois, within the Northern District of Illinois, Eastern Division.

7. On information and belief, all Defendant Officers were at the time of the events complained of herein employed by the City of Chicago as Police Officers.

8. City of Chicago is a municipal corporation within the Northern District of Illinois.

9. At all times material to this Complaint, the Defendant Officers were acting under color of state law, ordinance, and/or regulation, statutes, custom, and usage of City of Chicago.

## Background

10. On or about December 22, 2013, D.B., D.H., J.G. were in a motor vehicle along with other minors.

11. Said vehicle was stopped by Defendant Officers Morlock and Flaherty near 95th and LaSalle Street, Chicago, Illinois.

12. Moments later, one of the passengers fled the scene.

13. Defendant Proano, who had just arrived on scene, exited his vehicle, and, with his firearm drawn, held sideways, and pointed in the direction of the Plaintiffs, began to move toward Plaintiffs and the other occupants of the car.

3

14. Plaintiffs' car began moving in reverse and Defendant Proano opened fire on the vehicle, which included D.B, D.H, and J.G., who was still partially in the car.

15. Defendant Proano fired more than a dozen rounds into the vehicle filled with minors without provocation, cause or justification of any kind.

16. During the entire encounter, no weapon was brandished by Plaintiffs (or any other individuals in their vehicle), nor was there any act of violence or aggression directed at or toward Defendant Officers.

17. D.B. was struck by several bullets. He suffered one wound to the shoulder and two others that grazed his forehead and cheek.

18. D.H. was also hit by the barrage of bullets, suffering one wound to his left hip and one to his right heel.

19. J.G. was forcibly taken to the ground by one of the Defendant Officers, causing injury to his right eye.

20. After littering the vehicle with bullets, Defendant Proano and the other Defendant Officers detained Plaintiffs and handcuffed them.

21. D.B. and D.H. were later taken to Christ Advocate Hospital in Oak Lawn, Illinois for treatment and J.G. was taken to Little Company of Mary Hospital.

22. While receiving treatment at Christ Advocate, Chicago Police Officer(s) unknown at this time removed D.B. and D.H. from said Hospital without

proper authorization. At the time, it was obvious that D.B. and D.H. were still in pain and in need of additional treatment for their gunshot wounds.

23. Said unknown officer(s) transported D.B. and D.H. directly to the Fifth District Chicago Police station for questioning.

24. J.G. was also transported directly from the Little Company of Mary Hospital to the police station for questioning.

25. During the lengthy interviews that followed, D.H. was in extreme anguish from his gun shot wounds, at times crying from the pain.

26. Similarly, during said interviews, D.B.'s gunshot wound to his shoulder began to bleed so profusely that he had to be taken back to Christ Hospital for additional medical treatment.

**Count I**
**Excessive Force**
**42 U.S.C. § 1983**

27. Plaintiffs re-allege each of paragraphs 1-26 as if fully stated herein.

28. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiffs suffered pain and injury, as well as emotional distress.

29. Plaintiffs engaged in no acts of violence toward Defendant Officers, did not brandish any weapons, or engage in any conduct which made the use of force described above reasonable or necessary.

30. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

31. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' constitutional rights.

32. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

33. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago by its Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

   b. As a matter of policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will

never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiffs;

c.  Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.  As a matter of policy and practice, the Chicago Police Department makes its officers aware that if there are no corroborating witnesses or evidence which support a complainant's version of the events in question, a complaint of excessive force will never be sustained against them;

e.  Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

7

34. As a result of the Defendant Officers' unjustified and excessive use of force and the policy and practices of the City of Chicago, Plaintiffs have, as a direct and proximate cause, suffered pain and injury, including emotional distress.

**Count II**
**Failure to Intervene**
**42 U.S.C. § 1983**

35. Plaintiffs re-allege each of paragraphs 1-34 as if fully stated herein.

36. As described more fully above, one or more of the Defendant Officers had a reasonable opportunity to prevent the violations of Plaintiffs' constitutional rights as set forth above.

37. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered pain and injury, as well as emotional distress.

38. The Defendant Officers' actions were undertaken intentionally with malice and reckless indifference to Plaintiffs' rights.

39. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

40. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

### Count III
### Substantive Due Process
### 42 U.S.C. 1983

41. Plaintiffs re-allege each of paragraphs 1-40 as if fully stated herein.

42. In the manner described more fully above, Defendant Officers deprived Plaintiffs of Due Process in violation of the 14th Amendment to the United States Constitution.

43. Defendant Officers' actions set forth above were so arbitrary as to shock the conscience, including, but not limited to, opening fire into a vehicle filled with minor passengers without cause, and, removing Plaintiffs from the hospital knowing that doing so was unauthorized and would cause additional pain and suffering, emotional distress, and injury.

44. Such violations of Plaintiffs' rights were undertaken intentionally, with malice and willful indifference to Plaintiffs' rights.

45. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

46. As a result of the above-described wrongful conduct, as well as the City of Chicago's policy and practice, Plaintiffs have suffered pain and injury, as well as emotional distress.

47. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT IV
## Failure to Provide Medical Care
## 42 U.S.C. § 1983

49. Plaintiffs re-allege each of paragraphs 1-48 as if fully stated herein.

50. While in the custody of Defendant Officers, Plaintiffs were removed from a medical care facility, knowingly depriving them of serious and required medical care, as described more thoroughly above.

51. As a result of Defendants' objectively unreasonable conduct and deliberate indifference to necessary medical needs, Plaintiffs suffered additional damages, as well as pain, discomfort, and distress.

52. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

53. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' health and safety.

54. The misconduct described in this Court was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in the preceding paragraphs.

**Count V**
**Conspiracy to Commit Constitutional Violations**
**42 U.S.C. § 1983**

55. Plaintiffs re-allege each of paragraphs 1-54 as if fully stated herein.

56. As discussed in greater detail above, some or all of the Defendant Officers conspired with each other and/or with members of their department to cause damage to the Plaintiffs in the following manner:

   a. Agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiffs;

   b. Agreeing not to generate reports documenting their conduct to cover-up their own and each other's misconduct;

   c. Agreeing to generate reports and other documents which omitted material facts relating to the events described above and containing patent falsities; and

   d. Agreeing to remove the Plaintiffs from hospital facilities in order to engage in lengthy, coercive interrogations designed to elicit statements from the medicated and injured minors to 'justify' the indefensible shootings.

57. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, and the attendant injury and emotional distress resulting therefrom.

**Count VI**
**State Law Claim: Assault and Battery**

58. Plaintiffs re-allege each of paragraphs 1-57 as if fully stated herein.

59. As described more fully in the preceding paragraphs, Plaintiffs were shot multiple times without justification or provocation.

60. The actions of the Defendant Officers, which occurred while acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contacts, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

61. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

62. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

63. As a result of the offensive touching, Plaintiffs sustained bodily injuries. Additionally, Plaintiffs were in reasonable apprehension that they were in considerable physical danger.

64. The misconduct described in this Count was undertaken by the Defendant Officers while acting within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

65. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count VII
## State Law Claim: *Respondeat Superior*

66. Plaintiffs re-allege each of paragraphs 1-65 as if fully stated herein.

67. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

68. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT VIII
## State Law Claim: Indemnification

69. Plaintiffs re-allege each of paragraphs 1-68 as if fully stated herein.

70. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

71. The Defendant Officers are employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff, CATHERINE WALLER, on behalf of her minor son D.B., ABENA ANDOH, on behalf of her minor son D.H., and ADRIEN WILBOURN, on behalf of her minor son J.G., respectfully request that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, and the DEFENDANT OFFICERS J.E. MORLOCK (Star #15358), KENNETH FLAHERTY (Star #13583), MARCO PROANO (Star #9477), and CHICAGO POLICE OFFICERS UNKNOWN AT THIS TIME, awarding compensatory damages and attorneys' fees, along with punitive damages against the DEFENDANT OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiffs, CATHERINE WALLER, on behalf of her minor son D.B., ABENA

ANDOH, on behalf of her minor son D.H., ADREN WILBOURN, on behalf of her

minor son, J.G., hereby demand a trial by jury pursuant to Federal Rule of Civil

Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ Michael D. Cheronis
Attorney for Plaintiff
Law Office of Michael D. Cheronis
20 North Clark, Suite 2200
Chicago, Illinois 60604
312-806-8520

/s/ Timothy J. Fiscella
Attorney for Plaintiff
Law Office of Timothy J. Fiscella
53 West Jackson, Suite 1750
Chicago, Illinois 60604
312-546-4885

## Certificate of Service

I, Timothy J. Fiscella, an attorney, hereby certify that on May 9th, 2014 I filed a copy
of the foregoing via the CM/ECF electronic filing system for the Northern District of
Illinois, Eastern Division which directs service to all parties of record with the
exception of Officer Proano. Once counsel for Defendant Proano has filed their
appearance on the matter, Plaintiffs will contact them and arrange service.

/s/ Timothy J. Fiscella
Attorney for Plaintiff